THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-572-FL

| | |
|---|---|
| JEAN M. KNOX, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | **MEMORANDUM AND** |
| ADMINISTRATION, ROSVERY HARRIS, ) | **RECOMMENDATION** |
| JILL WILLIS, DEPARTMENT OF SOCIAL ) | |
| SERVICES, and CARDACE FRANKLIN, ) | |
| ) | |
| Defendants. ) | |

This matter comes before this Court on the motion filed by Defendants Commissioner, Rosvery Harris and Jill Willis [DE-24] ("Defendants") to dismiss the Complaint of *pro se* Plaintiff Jean M. Knox ("Plaintiff") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants have moved in the alternative to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c), E.D.N.C. Plaintiff has responded to Defendants' motions [DE-27] and the time for further briefing has expired. Accordingly, the motions are ripe for ruling. For the reasons set forth below, this Court recommends in the alternative that Defendants' motions be ALLOWED.

## I. PROCEDURAL HISTORY

On 25 November 2008, Plaintiff initiated this action against Defendants,[1] challenging the lawfulness of the termination of her Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381 *et. seq.* in September 2008.[2] *See* Compl. at 4. Plaintiff seeks compensatory and punitive damages against Defendants jointly and severally, and any other relief as may be appropriate, including costs and attorney's fees.[3] *Id.* at 20. On May 18, 2009, in lieu of filing an Answer to the Complaint, Defendants filed the instant motions. On June 1, 2009, Plaintiff responded to Defendants' motion.

## II. STATEMENT OF FACTS

Plaintiff, a North Carolina resident, was awarded SSI benefits in 1999. Compl. at 1. According to Plaintiff, the award of these benefits was contingent in part on proof of Plaintiff's marital separation from her husband, Nathaniel Knox ("Mr. Knox"). *Id.* at 3. Following Plaintiff's separation from her husband, Plaintiff and Mr. Knox resided in separate mobile homes located on the same North Carolina property. *Id.* In May 2008, Mr. Knox's mobile home was removed from

---

[1] Defendants have responded that they are not aware of an individual named "Jill Willis" and have presumed that Plaintiff intended to name Gail Willis, the district manager for the Social Security Administration ("SSA") in Fayetteville, North Carolina, as a party to this action. Def.'s Mem. in Supp. of Mot. to Dismiss at 1 n.1 ("Def.'s Mem.").

[2] Plaintiff's complaint further challenges the lawfulness of the termination of her Medicaid eligibility in November 2008. These claims, however, are asserted against defendants North Carolina Department of Social Services and Cardace Franklin, *see* Compl. at 4, who are not before this Court on the present motion.

[3] On 20 November 2008, Plaintiff moved the Court for an ex parte injunctive order directing Defendants to restore Plaintiff's SSI benefits and Medicaid eligibility pending the outcome of this litigation. [DE-2]. Construing Plaintiff's motion as a motion for a temporary restraining order, the District Court denied Plaintiff's motion on 25 November 2008. [DE-3].

the premises due to water damage and Mr. Knox "had to use the mobile home the plaintiff was living in." *Id.* at 4. That same month, Plaintiff relocated to Essex, Maryland and resided with her son. *Id.* Subsequent to her relocation to Maryland, Plaintiff was hospitalized "two or three times" for gallstones. *Id.* However, as a result of her son's "willful[] neglect[] to make sure the plaintiff received her medical insurance documents," medical specialists refused to see Plaintiff without medical insurance. *Id.* As a result, Plaintiff asked Mr. Knox if Plaintiff could reside temporarily with him so that she could undergo an "operation and recover, then . . . return . . . to [Maryland] or get an apartment in North Carolina." *Id.* Mr. Knox agreed and in September 2008, Plaintiff returned to North Carolina to reside temporarily with Mr. Knox and his girlfriend. *Id.* Defendants terminated Plaintiff's SSI benefits that same month and on 30 November 2008, the State of North Carolina terminated Plaintiff's Medicaid eligibility. *Id.*

Plaintiff's Complaint contains few allegations as to the actions of Defendants; rather, the majority of the allegations are generalized legal conclusions. The allegations directed to Defendants focus on the alleged violation of Plaintiff's constitutional rights by the Commissioner's decision to terminate her SSI benefits. Count One of the Complaint alleges errors by the Defendants regarding her medical limitations, capacity for light work, education and employability. Compl. at ¶¶ A-C. Plaintiff alleges that Defendants failed to demonstrate how her updated medical condition and education render Plaintiff able to perform light work considering her age, pain and mental stress, thereby disqualifying her from SSI benefits. *Id.* Plaintiff contends further that Defendants failed to consider her hypothyroidism, hypertension, mental impairments and her age in determining that she is not disabled, all in violation of the regulations governing the social security benefits appeal process. *Id.* at ¶¶ E-G, K. In Count Two of the Complaint, entitled "Due Process of Law," Plaintiff

3

alleges Defendant Harris "knowingly, circumvented the laws in order to terminate the Plaintiff's account (benefits)." *Id.* at 11. Plaintiff alleges further that she was never summoned "to appear for any such mandated due process hearing to date [pursuant to 42 U.S.C. 405(b)(1)], nor has any defendant ever seen the [P]laintiff in person and personally interviewed the Plaintiff in this matter." *Id.* Plaintiff contends that she was "subjected to Kangaroo court proceedings, and denied elements of due process law in her case." *Id.* at 10. She alleges further that the social security hearing officer who reconsidered her benefits appeal must have known that Plaintiff was not afforded due process of law. *Id.* at 10-11. In Count Three, entitled "Identify Theft is Alive and Well in 2008," Plaintiff alleges "[i]n this case, evidences, (sic) the defendant's (sic) had no interest to verify the Plaintiff's true identity mandated by law, yet only to terminate the [P]laintiff's [SSI] benefits account/medicaid medical account." *Id.* at 11. She asserts that Defendants required no identification to terminate her SSI benefits in violation of due process and the Fourteenth Amendment to the United States Constitution. *Id.* at 12. In Count Four, entitled "Separation Agreement," Plaintiff alleges "the defendant's (sic) made a judicial determination to set aside the separation agreement [entered into in 1999 between Plaintiff and Mr. Knox] . . . without reasonable probable cause." *Id.* at 13. Plaintiff contends that "[t]he agreement reflects that both parties have no obligation to each other and there (sic) incomes are severed from each other, which is an estoppel from any state and or federal agency from trying (sic) combine the incomes of two strangers as to satisfy their assumption as the defendant's (sic) have done." *Id.* at 12-13. According to Plaintiff, Defendants ignored the terms of the separation agreement in determining that Plaintiff was not eligible for SSI benefits in violation of due process and the applicable social security regulations. *Id.* In Count Five, entitled "The Ninth Amendment to the Constitution," Plaintiff alleges Defendants violated the Ninth Amendment to the

4

United States Constitution "by unlawfully setting aside the language of the separation agreement and converting the [P]laintiff action into a crime." *Id.* at 17. Count Six, entitled "Unreasonable Invoicing," alleges that Plaintiff received a bill from Defendants for $11,000.00, "which can only be view (sic) a (sic) abuse of government process . . . ." *Id.* In Count Seven, Plaintiff alleges coercion by Defendants based on Plaintiff's contention that she must relocate in order to reestablish her eligibility for SSI benefits and Medicaid. *Id.* at 17-18. In Count Eight, Plaintiff asserts that the termination of her SSI and Medicaid eligibility constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Id.* at 18.

### III. STANDARD OF REVIEW

Defendants have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the basis that Plaintiff has failed to exhaust her administrative remedies in accordance with 42 U.S.C. § 405(g), the statute governing the social security benefits appeal process. In the alternative, Defendants have moved to dismiss Plaintiff's complaint for the failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the United States Constitution provides no relief for the remedy Plaintiff seeks.

A. **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. (Richmond) v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A party may attack the subject matter jurisdiction of the court on the grounds that the

complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged in the complaint are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A district court should allow a Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

### B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted

inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a *pro se* plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for her claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); see also *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

## IV. ANALYSIS

### A. <u>Subject Matter Jurisdiction</u>

Plaintiff asserts that this Court has subject matter jurisdiction over the present dispute pursuant to the Social Security Act, 42 U.S.C. § 405(g); the Civil Rights Act, 42 U.S.C. § 1983; the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997; the Conspiracy Against Rights Act, 18 U.S.C. § 241; the Deprivation of Rights Under Color of Law Act, 18 U.S.C. § 242; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 556, 558. Federal courts are courts of limited jurisdiction and it is presumed that a federal court lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans*, 166 F.3d at 647.

*1.	Jurisdiction pursuant to 42 U.S.C. § 405(g)*

Defendants argue that the Court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) ("Section 405(g)") because Plaintiff has failed to exhaust her administrative remedies. Defs.' Mem. at 6. This Court agrees.

In order for this Court to exercise jurisdiction over a decision of the Commissioner, that decision must be considered the Commissioner's "final decision." *See* 42 U.S.C. § 405(g)[4] ("Any individual, after any *final decision* of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action . . . ." ) (emphasis added); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Social Security Act as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision" regarding entitlement to SSI benefits, the claimant must complete an administrative review process. 20 C.F.R. § 416.1400(a); *see generally Califano v. Sanders*, 430 U.S. 99, 101 (1977) (articulating general procedures). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ"), and (4) Appeals Council review. *Id.* § 416.1400(a)(1-4). Proceeding through these stages exhausts

---

[4] Section 405(g) (Title II) provides as follows:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

42 U.S.C. § 405(g). The judicial review provision under Title XVI, 42 U.S.C. § 1383(c)(3) ("Section 1383(c)(3)"), expressly incorporates the judicial review provision of Title II. Accordingly, Section 405(g) applies to judicial review under both Title II and Title XVI.

the claimant's administrative remedies. Only upon completion of these steps may the claimant then seek judicial review by filing an action in a federal district court.[5] *Id.* § 416.1400(a)(5).

Throughout the administrative review process, the onus is on the claimant to request the next administrative step. *Id.* § 416.1400(a)(1-4). While Plaintiff alleges that the decision to terminate her SSI benefits is a final decision, *see* Compl. at 1¶ 4, Plaintiff concedes that she in fact failed to request a formal hearing before an ALJ under 42 U.S.C. § 1383(c)(1)(A) ("Section 1383(c)(1)(A)"), a misstep fatal to her claim. In particular, Plaintiff states, "Does the record reflect there was a hearing under § 405(b)(1), and if there was a formal hearing under § 405(b)(1), where is (sic) the transcript or records from that hearing reflecting the Plaintiff was present? The Plaintiff has never summon (sic) to appear for any such mandated . . . hearing to date . . . ." *See* Compl. at 11.

Section 1383(c)(1)(A) provides in relevant part:

> [A] decision by the Commissioner which involves a determination of disability and which is in whole or in part unfavorable to such individual shall . . . state the Commissioner's determination and the reason or reasons upon which it is based. The Commissioner . . . shall provide reasonable notice and opportunity for a hearing to any individual who is . . . in disagreement with any determination under this title [42 USCS §§ 1381 *et seq.*] with respect to eligibility of such individual for benefits,. . . . , if *such individual requests a hearing* on the matter in disagreement within sixty days after notice of such determination is received . . .

*Id.* (emphasis added).[6] Given the lack of evidence in the record demonstrating that the exhaustion

---

[5] Following the determination at each step of the administrative process, a disappointed claimant is notified that she must proceed to the next step within sixty (60) days of the notice of the action taken otherwise the decision of the Commissioner is binding. *See id.* § 416.1409(a)(1) (reconsideration); § 416.1433(b)(1) (hearing before an ALJ); § 416.1468(a)(1) (appeals council review); § 416.1481 (judicial review). Nonetheless, at each stage, the SSA may grant additional time upon a plaintiff's showing of good cause as defined by the rules. *See id.* §§ 416.1409(b), 416.1433(c), 416.1468(b), 416.1482.

[6] Plaintiff cites erroneously 42 U.S.C. 405(b)(1) of Title II. *See id.* However, Section 1383(c)(1)(A) under Title XVI is identical to Section 405(b)(1) of Title II.

9

requirement has in fact been satisfied, this Court lacks jurisdiction to review the Commissioner's termination of Plaintiff's benefits. *See Mathews*, 424 U.S. at 327 (holding that the exhaustion of administrative remedies provided for by the Social Security Act is a "jurisdictional prerequisite" for judicial review by a district court). Accordingly, Plaintiff has failed to carry her burden in demonstrating that the Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g).

Although the issue has not been raised by either party, the court is compelled at this point to discuss whether Plaintiff's failure to exhaust her administrative remedies should be excused. The Supreme Court's decision in *Bowen v. City of New York*, 476 U.S. 467 (1986) "establishes that exceptional circumstances may justify waiver of the requirement imposed by 42 U.S.C. § 405(g) that a claimant must exhaust all administrative remedies by obtaining a final decision from the Secretary before seeking judicial review." *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). In particular, the exhaustion of administrative remedies may be excused if: (1) the claim is collateral to the claim for benefits, (2) the claimant would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement. *Id.* (citing *Bowen*, 476 U.S. at 481-85).

In *Bowen*, a class action was brought pursuant to Section 405(g) challenging an internal policy of the Commissioner that had the effect of systemically denying disability benefits to numerous deserving claimants. *Bowen*, 476 U.S. at 473. The internal policy had the effect of eliminating steps four and five of the sequential evaluation process and leading to routine denials of benefits to eligible claimants. *Id.* The class included those claimants who had not yet exhausted administrative remedies. *Id.* at 475.

In affirming the jurisdiction of the district court over the claimant class, the *Bowen* court held that the exhaustion of administrative remedies should be waived because (1) the claims asserted in

10

the lawsuit were collateral to any claim for benefits sought at the administrative level, *id.* at 476; and (2) the class members would be irreparably harmed should the exhaustion requirement be enforced in that claimants had demonstrated that having to once again undergo the administrative appeal process "may trigger a severe medical set back." *Id.* at 483. The *Bowen* court was especially sensitive to the harm facing claimants "where the [g]overnment seeks to require claimants to exhaust administrative remedies merely to receive the procedure they should have received in the first place." *Id.* at 484.

The *Bowen* court emphasized, however, that its holding is "materially distinguishable" from cases in which a claimant sues in federal court alleging a mere departure from the social security regulations in her administrative proceeding. *Id.* Indeed, "the court cautioned that waiver would not be available if a claimant alleges mere deviation," and "emphasized exhaustion is not to be excused by every allegation of irregularity in the agency proceedings." *Hyatt*, 807 F.2d at 378 (citing *Bowen*, 476 U.S. at 484).

In this case, Plaintiff's complaint is not collateral to her administrative claim as she seeks restoration of her SSI benefits. Moreover, the factors present in *Bowen*, most notably the promulgation of an illegal internal policy by the SSA designed to systematically deny benefits to claimants, is not present before this Court. Rather, construing her claim liberally, Plaintiff merely alleges that the SSA deviated from the administrative process, a claim already demonstrated as being misplaced. Accordingly, Plaintiff has not demonstrated exceptional circumstances to justify waiving her failure to exhaust her administrative remedies.

The Supreme Court has held also that "the requirement of a 'final decision' may be waived if the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." *Varandani*

*v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) (citing *Mathews*, 424 U.S. at 330-31). Here, while Plaintiff has attempted to assert claims arising under the Eighth, Ninth and Fourteenth Amendments to the United States Constitution, Plaintiff has failed to demonstrate valid claims of constitutional deprivation. With respect to the Eighth Amendment, Plaintiff was not a convicted offender at the time of these events; thus, the Eighth Amendment's "cruel and unusual punishments" clause has no application. *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977) ("The primary purpose of [the Cruel and Unusual Punishments Clause] has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of *criminal statutes*...." (quoting *Powell v. Texas*, 392 U.S. 514, 531-32 (1968)) (emphasis added).

Plaintiff's Ninth Amendment claim is equally unavailing. The Ninth Amendment "guarantee[s] [] individuals those rights inherent to citizenship in a democracy which are not specifically enumerated in the Bill of Rights." *United States v. Cooke*, 311 F. Supp. 618, 620 (W.D. Pa. 1970); *see also* U.S. CONST. amend. IX. This amendment involves only "essential rights" which cannot find direct support elsewhere in the Constitution. *United States v. Choate*, 576 F.2d 165, 181 (9th Cir. 1978). However, the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991); *see also Jenkins v. Comm'r of Internal Revenue*, 483 F.3d 90, 92 (2d Cir. 2007) (explaining that Ninth Amendment is a rule of construction rather than an independent source of individual rights). In this case, Plaintiff's vague assertion of a violation of personal liberty is insufficient to state a claim. No right which could be supported by any precedent has been shown. Accordingly, Plaintiff has not stated a claim under the Ninth Amendment.

While a person receiving benefits has a statutorily-created property interest in continuing to

receive those benefits which is protected by the Fifth Amendment, *see Eldridge*, 424 U.S. at 332, there is nothing in the evidence before the Court that indicates Plaintiff failed to receive all the process that was due. The administrative review process provides the opportunity for a hearing regarding the reinstatement of her benefits, but Plaintiff failed to avail herself of this opportunity by not requesting a hearing within the relevant time period. Accordingly, Plaintiff has not stated a due process claim.

In sum, Plaintiff has failed to meet the requirements of subject matter jurisdiction under Section § 405(g) by failing to exhaust her administrative remedies or showing good cause why her matter could not be resolved administratively.

2. *Jurisdiction pursuant to 42 U.S.C.§ 1983*

Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1996). As explained above, Plaintiff fails to state a colorable constitutional claim. Accordingly, Plaintiff has failed to carry her burden in demonstrating that the Court has subject matter jurisdiction pursuant to 42 U.S.C. §1983.

3. *Remaining Jurisdictional Bases*

The facts alleged also do not justify recovery under the remaining statutory bases for jurisdiction asserted by Plaintiff. *See* Compl. at 2.

CRIPA bestows express statutory authority on the United States Attorney General to participate in civil rights litigation seeking redress for the perceived widespread violations of the

constitutional and federal statutory rights of persons residing in state institutions, including institutions "for persons who are mentally ill, disabled or retarded, or chronically ill or handicapped." 42 U.S.C. § 1997(1)(B)(i). Plaintiff has not alleged facts supporting the applicability of CRIPA to the case at bar.

As for Plaintiff's attempt to confer jurisdiction on this court by way of 18 U.S.C. §§ 241 and 242, her attempt fails here as well.[7] Sections 241 and 242 are "federal criminal statutes and do not create civil liability or confer civil jurisdiction upon the United States courts." *McCabe v. United States*, No. 5:97-CV-847-BO(1), 1998 U.S. Dist. LEXIS 2926, at *3 (E.D.N.C. Jan. 14, 1998).

Finally, the Court finds that the APA does not invoke the jurisdiction of this Court. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action... is entitled to judicial review thereof," 4 U.S.C. § 702, "except to the extent that--(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* at § 701(a). The APA, however, "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano*, 430 U.S. at 107; *see also Drs. Russi, Griffin & Snell, Ltd. v. Matthews*, 438 F. Supp. 1036, 1041 (E.D. Va. 1977).

In sum, Plaintiff has failed to provide any factual basis supporting these jurisdictional allegations or setting forth a cause of action under these statutes. Accordingly, this Court must dismiss this case for lack of jurisdiction. *See Ibrahim v. Chertoff*, 529 F. Supp. 2d 611, 613

---

[7] Section 241 criminalizes the conspiracy "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 241. Section 242 criminalizes the deprivation of civil rights by a person acting under color of law. *Id.* at § 242.

14

(E.D.N.C. 2007) (explaining if "the court does not find sufficient allegations in the pleadings [to establish jurisdiction] . . . it must dismiss the case") (quoting *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

B.  **Failure to State a Claim**

Plaintiff fails to state a claim for monetary damages resulting from alleged unconstitutional conduct by the SSA and its officials in terminating Plaintiff's benefits. Plaintiff, in effect, is arguing that her claim may be pursued under the "constitutional tort" theory recognized in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In particular, Plaintiff complains that her Social Security benefits under Title XVI were terminated improperly due to constitutional due process violations by certain officials administering the review program. *See* Compl. at 9-10.

"The [Social Security] Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988). Nonetheless, a federal cause of action *may be available* for money damages against federal officials charged with violating constitutional rights. *See Bivens*, 403 U.S. at 396 ("[I]t is . . . well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.") (citation omitted). The Supreme Court, however, has refused to recognize a *Bivens* cause of action in the context of termination of benefits under Title II. *See Chilicky*, 487 U.S. at 429. The Supreme Court explained that such a remedy was not available because "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of [the program's] administration," *Chilicky*,

15

487 U.S. at 423, "and we see no legal basis that would allow us to revise its decision." *Id.* at 429. The Supreme Court's rationale in *Chilicky* for not recognizing a *Bivens* action in a Title II case is equally applicable to a Title XVI case as the administrative review process under both is identical. *See* 20 C.F.R. § 404.900(a) (describing administrative review process under Title II); 20 C.F.R. § 416.1400(a) (same as to Title XVI). Accordingly, Plaintiff's claim for monetary damages is dismissed.

### C. Qualified Immunity

To the extent that a *Bivens* action could proceed in this context, Defendants are cloaked with qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The first step in evaluating qualified immunity is to determine whether the plaintiff has alleged the deprivation of a constitutional right. *Rogers v. Pendleton*, 249 F.3d 279, 286 (4th Cir. 2001). As discussed above, Plaintiff's allegations do not set forth facts which, if proven, establish the violation of a constitutional right. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

### V. CONCLUSION

For the foregoing reasons, this Court recommends that Defendants' motion to dismiss for lack of subject matter jurisdiction be ALLOWED, or, in the alternative, that Defendant's motion to dismiss for failure to state a claim for which relief may be granted be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure

to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 21st day of August, 2009.

_Robert Jones_
Robert B. Jones, Jr.
United States Magistrate Judge