IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-572-FL

| | | |
|---|---|---|
| JEAN M. KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| ROSVERY HARRIS, JILL WILLIS, | ) | |
| DEPARTMENT OF SOCIAL SERVICES, | ) | |
| and CARDACE FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion of defendants Commissioner, Rosvery Harris, and Jill Willis to dismiss the complaint of plaintiff, proceeding *pro se*, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE # 24). On August 21, 2009, United States Magistrate Judge Robert B. Jones, Jr. filed a memorandum and recommendation ("M&R"), recommending that defendants' motion be granted (DE # 38). Plaintiff timely filed objections to the M&R. Defendants did not file a response. On October 9, 2009, defendant Candace Franklin filed a motion to dismiss based on the same grounds as defendants Commissioner, Harris, and Willis, which is also before the court (DE # 45).[1] In this posture, the matter is ripe for ruling. For the reasons that follow, the court grants defendants' motions to dismiss.

Plaintiff filed this action challenging the lawfulness of the termination of her supplemental security

---

[1] Plaintiff's complaint names "Cardace Franklin" as a party to this action. The court assumes plaintiff intended to name Candace Franklin, an employee of the Cumberland County Department of Social Services.

income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et. seq. ("the Act"). On May 18, 2009, instead of filing an answer, defendants filed a motion to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(1), (6). Defendants contend this court does not have subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies. Defendants also contend that plaintiff does not state a colorable claim under the Act.

As thoroughly explained in the M&R, plaintiff's claim must be dismissed. First, this court does not have subject matter jurisdiction over plaintiff's claim. Federal courts can only hear appeals from a "final decision" of the Commissioner. See 42 U.S.C. § 405(g); Mathews v. Eldridge, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite."). In this case, plaintiff did not request a formal hearing before an administrative law judge ("ALJ") pursuant to 42 U.S.C. § 1383(c)(1)(A). Without such a hearing, there is no "final decision" for this court to review.

Plaintiff's failure to exhaust administrative remedies should not be excused in this case. See Bowen v. City of New York, 476 U.S. 467, 481-85 (1986). Such a failure may be excused when (1) the claim is collateral to the claim for benefits; (2) the claimant would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement. Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986) (citing Bowen, 476 U.S. at 481-85). Here, plaintiff's complaint merely alleges that the Social Security Administration deviated from the administrative process. This is not a claim that is collateral to the claim for benefits, and, accordingly, plaintiff's failure to request a hearing before an ALJ is not excused. See Hyatt, 807 F.2d at 378.

2

A failure to exhaust administrative remedies may also be excused where "the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." Varandani v. Bowen, 824 F.2d 307, 310 (4th Cir. 1987) (citing Mathews, 424 U.S. at 330-31). For the reasons stated in the M&R, plaintiff does not state a colorable constitutional claim under the Eighth, Ninth, and Fourteenth Amendments to the United States Constitution against any of the defendants. These same reasons compel the denial of subject matter jurisdiction under 42 U.S.C. § 1983. Also, plaintiff has not alleged facts supporting the applicability of the Civil Rights of Institutionalized Persons Act. See 42 U.S.C. § 1997. Plaintiff's other attempts to confer subject matter jurisdiction are, for the reasons explained in the M&R, denied.

Second, plaintiff fails to state a claim upon which relief may be granted. The Act does not provide for the remedy plaintiff seeks. Schweiker v. Chilicky, 487 U.S. 412, 424 (explaining the Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits"). Furthermore, the Supreme Court has denied recognition of a similar cause of action for the denial of benefits under Title II of the Act. See Chilicky, 487 U.S. at 429. Finally, even if such a cause of action were recognized under the Act, defendants are entitled to immunity as long as their conduct "does not violate clearly established statutory or constitutional rights which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Plaintiff's complaint does not allege facts, even if proven, supporting a conclusion that defendants violated a clearly established constitutional right.

## CONCLUSION

The M&R explains in great detail why plaintiff's claim must be dismissed under two separate Federal Rules of Civil Procedure. Having carefully reviewed the record and applicable legal principles, the

court ADOPTS the reasoning in the M&R and GRANTS the motion to dismiss of defendants Commissioner, Harris, and Willis. For the same reasons, the court GRANTS defendant Franklin's motion to dismiss. The clerk is directed to CLOSE this case.

SO ORDERED this the 4th day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

4